USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/09/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
UNITED STATES OF AMERICA :
:
    -against- :
:
ERNEST AIKEN : No. 06 Cr. 479 (JFK)
:
          Defendant. :
:
------------------------------ X
ERNEST AIKEN :
:
          Petitioner, :
:
    -against- : No. 16 Civ. 4894 (JFK)
:
UNITED STATES OF AMERICA : **OPINION & ORDER**
:
          Respondent. :
:
------------------------------ X

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is Defendant Ernest Aiken's ("Aiken") motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct sentence. For the reason below, this motion is denied.

### I.   Background

    On March 14, 2007, Aiken plead guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). On August 21, 2007, the Court sentenced Aiken to fifteen years' imprisonment on each count, to run concurrently with one another.

    On June 22, 2016, Aiken filed the instant motion.

## II. Legal Standards

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced in federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the prisoner claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is only available "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotation marks and citations omitted).

## III. Discussion

Aiken was sentenced as a "career offender" under United States Sentencing Guidelines (the "Guidelines") § 4B1.1(a) because his offenses qualified as "crime[s] of violence" under § 4B1.2(a)'s residual clause. He argues that because the Supreme Court, in Johnson v. United States, 135 S. Ct. 2551 (2015), invalidated the residual clause in the Armed Career Criminal Act

as unconstitutionally vague under the Due Process Clause and § 4B1.2(a)'s residual clause is "indistinguishable" from that clause, it too is unconstitutionally vague.

Since Aiken filed this motion, however, the Supreme Court has found that the Guidelines "are not subject to vagueness challenges under the Due Process Clause" because they are advisory. Beckles v. United States, 137 S. Ct. 886, 892 (2017). It, thus, held that "§ 4B1.2(a)'s residual clause is not void for vagueness." Id. at 897. Accordingly, Aiken's motion must be denied. See Estrella v. United States, 08-cr-823 (KBF), 2017 WL 2470841, at *2 (S.D.N.Y. June 17, 2017).

## Conclusion

For the reasons above, Aiken's motion to vacate, set aside, or correct his sentence is DENIED. The Court further declines to issue a certificate of appealability, as petitioner has not made a substantial showing of a denial of a federal right. See Matthews v. United States, 682 F.3d 180, 185 (2d Cir. 2012).

The Clerk of Court is directed to terminate the motion at ECF No. 30 in 06-cr-479 and to close 16-cv-4894.

**SO ORDERED.**
Dated:   New York, New York
         May 9, 2019

_John F. Keenan_
JOHN F. KEENAN
United States District Judge